UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WANDA RICHARDSON,
                                Plaintiff,
          -vs-                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,                  No. 11-CV-6419

                                Defendant.
_____

| | |
|---|---|
| For Plaintiff: | Wanda Richardson *pro se*<br>244 Kenwood Avenue<br>Apartment 1<br>Rochester, NY 14611 |
| For the Commissioner: | Kathryn L. Smith, AUSA<br>United States Attorney's Office<br>100 State Street, Fifth Floor<br>Rochester, NY 14614 |

**INTRODUCTION**

Plaintiff Wanda Richardson ("Plaintiff") filed this action pursuant to the Social Security Act, codified at 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying her application for Supplemental Security Insurance ("SSI"). For the reasons that follow, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's motion for judgment on the pleadings is granted.

**BACKGROUND**

Plaintiff alleges she became disabled on July 29, 2009, when she suffered a heart attack. She claims she is disabled as a result of the residuals of the heart attack, as well as high blood pressure, diabetes and a chronic cough. Record at 159. Plaintiff filed an application for SSI on August 8, 2009. After her application was denied, Plaintiff requested

a hearing before an administrative law judge. The hearing was conducted on October 21, 2010, before Administrative Law Judge Michael W. Devlin ("the ALJ"), who heard testimony from Plaintiff as well as from a vocational expert, Peter A. Manzi. On January 28, 2011, the ALJ issued a written decision denying Plaintiff's application for benefits. On June 23, 2011, the Appeals Council denied Plaintiff's request for review, making the ALJ's ruling the Commissioner's final decision.

Plaintiff filed this action on August 26, 2011, challenging the Commissioner's final decision. The Commissioner has filed a motion seeking judgment on the pleadings and on April 4, 2012, the Court issued a scheduling order directing that any response from plaintiff be filed by May 11, 2012. The Court also set June 28, 2012, for oral argument on the motion. To date, Plaintiff has not responded to the Commissioner's motion. For the following reasons, the Commissioner's motion is granted.

## STANDARDS OF LAW

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1330(c)(3); *Wagner v. Sec. of Health and Human Services*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. *See Gray v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than

one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 63 (2d Cir. 1982).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, the reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 Fed. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec. of Health and Human Services*, 733 F.2d 1037, 1041 (2d Cir. 1984).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the act. *See* 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in *Bowen v. Yuckert*, 482 US 137, 140-42 (1987), and it remains the proper approach for analyzing whether a claimant is disabled. This five step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commis-

sioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*) (quotations in original); *see also Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. *See Bowen*, 482 U.S. at 146 n.5; *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts: First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); *Heckler v. Campbell*, 461 U.S. 458, 460 (1983).

## ANALYSIS

At the outset, the Court must address the confusion that occurred during oral argument relating to consultative examiner, Harbinder Toor, M.D. When given the opportunity to present her argument in court, Plaintiff offered that Dr. Toor concluded that she could sit for less than six hours in an eight hour workday, as opposed to up to six hours in an eight hour work day. When the Court inquired of Plaintiff as to where in the record she was referring, she stated, "Page 53 of the transcript," although, she explained she did not have the record with her. Regarding Dr. Toor's opinion, when the Court was unable to

locate page 53 of the "transcript," counsel for the government specifically directed the Court to page 53 of the Record. At that time, as it now turns out, the Court mistakenly believed that the portion of an RFC located at page 53 had been completed by Dr. Toor. Neith Plaintiff nor counsel for the government indicated otherwise. Based upon this mistaken belief, the Court suggested that the conclusion contained on page 57 of the Record, to the effect that claimant retains the ability to perform sedentary work, was at odds with the testimony of the vocational expert, Mr. Manzi, who indicated that for sedentary work, one must be able to sit for *up to* six hours in an eight hour workday. On closer examination of the Record, however, it is apparent that the RFC encompassing pages 52 through 57 was, in fact, prepared by D. Chase, Social Security Disability Examiner, Record 51, and not Dr. Toor. In that regard, as the ALJ correctly observed, "Little weight is given to the assessment of the single decision maker, D. Chase (Exhibit 2A) since this is not a medical opinion." Record 18.

As to the decision of the ALJ, he made the following findings with regard to the five-step process set forth above. (1) Plaintiff has not engaged in substantial gainful activity during the relevant time. Record at 15. (2) Plaintiff has the following severe impairments: coronary artery disease, status post stent placement; mild plantar fasciitis; right hip discomfort; history of respiratory disease; and obesity. *Id*. (3) Plaintiffs impairments do not meet or exceed the criteria for any impairment listed in appendix 1 to subpart P, Regulations Number 4. *Id*. (4) Plaintiff retains the residual functional capacity to perform sedentary work with some limitations.[1] Record at 16. (5) Plaintiff is unable to perform any

---

[1]Occasionally lift and/or carry 10 pounds; frequently lift and/or carry less than 10
(continued...)

past relevant work. (6) Plaintiff is a younger individual who retains a residual functional capacity to perform work available in the national economy. Record at 19. Ultimately, the ALJ concluded Plaintiff was not under disability as defined by the Act at any time through the date of his decision. Record at 20.

At the administrative hearing, Plaintiff stated that her recovery from her heart attack has been slow, that she experiences some progress, but still suffers from fatigue and headaches. She also stated that she could sit for a couple of hours at a time before needing to get up, could walk between one and two hours, and could lift a gallon of milk. In addition, she stated she could do household chores, such as vacuuming, dusting, and dishes. She also testified that she went to the library, she went to church on Sundays, visits her daughter's house once a week, and that she reads books and uses the computer to "go online." Record at 36–39. Although the ALJ determined that Plaintiff's medical impairments could reasonably be expected to cause her alleged symptoms, nevertheless, he determined that her statements regarding the intensity, persistence and limiting effects of those symptoms were not credible to the extent that they were inconsistent with his residual functional capacity assessment. Record at 17.

The Court finds that the ALJ properly applied the treating physician rule. In that regard, Plaintiff's treating physician, Charles Ippolito, M.D., noted on a standardized

---

[1](...continued)
pounds; stand and/or walkabout one hour in an eight hour workday; sit for about six hours of an eight hour workday; push and/or pull up to 10 pounds; occasionally reach in all directions (including overhead); occasionally climb ramps and/or stairs; rarely balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, scaffolds, work your unprotected heights, or near moving mechanical parts; occasionally operate a motor vehicle; occasional exposure to vibrations; avoid even moderate exposure to humidity, wetness, fumes, odors, dust, gases, poor ventilation, and other respiratory your actions; and limited to low stress jobs (*i.e.,* no independent decision-making or production quotas required).

multiple-choice form issued by the Social Security Administration Office of Disability Adjudication and Review that Plaintiff could sit for four hours in an eight-hour workday and that she could stand and walk one hour each in an eight-hour workday. Record at 364. His notations on the form consist of "x" marks and the only other notation he made concerning his conclusions about sitting, standing and walking, was on the prior page where he wrote, "easy fatigueability, decreased endurance due to underlying cardio [unintelligible] with EF 19%." Record at 363. In reviewing this form against the remaining medical evidence in the record, the ALJ wrote, "it should be noted that although Dr. Ippolito stated the claimant had an ejection fraction of 19%, treatment notes dated September 3, 2010 indicate this was by history.... Further, as noted above, the claimant's cardiologist reported that her ejection fraction was almost normalized in November 2009...." Record 18. Accordingly, the ALJ found that Plaintiff could sit six hours in an eight hour workday.

An ALJ has an obligation to develop the administrative record, which might include, in certain circumstances, the duty to recontact a source of the claimant's medical evidence. However, that duty only arises when the ALJ lacks sufficient evidence in the record to evaluate opinion evidence or make a disability determination, not necessarily just when the treating physician's opinion is inconsistent with the rest of the record. *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) (citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)); *see* 20 C.F.R. § 404.1512(e) (2010); 20 C.F.R. § 416.912(e) (2010) ("When the evidence we receive from your treating physician or psychologist or other medical source *is inadequate for us to determine whether you are disabled*, we will need additional information to reach a determination or a decision.") (emphasis added); 20 C.F.R. § 404.1527(c)(3) (2010); 20 C.F.R. § 416.927(c)(3) (2010) ("If the evidence is consistent but we do not have sufficient

evidence to decide whether you are disabled, or if after weighing the evidence *we decide we cannot reach a conclusion about whether you are disabled*, we will try to obtain additional evidence. . . .") (emphasis added); *Ayers v. Astrue*, No. 08-CV-69A, 2009 WL 4571840 (W.D.N.Y. Dec. 7, 2009) (citing *Rebull v. Massanari*, 240 F. Supp. 2d 265, 272 (S.D.N.Y. 2002) ("The fact that the record does not support the treating physician's opinion does not mean that there are administrative gaps in the record triggering a duty to recontact.")).

Here, the ALJ relied on other medical evidence in the record, including the opinion of the consultant examiner, Dr. Toor, and Plaintiff's cardiologist, Christopher J. Cove, M.D. The notes from those two physicians, and Plaintiff's own testimony at the hearing, substantially support the ALJ's determination that Plaintiff could sit for a total of six hours during an eight-hour workday. The Court finds that the ALJ's determination of Plaintiff's residual functional capacity is supported by substantial evidence in the record and that the hypothetical questions posed to the vocational expert accurately described Plaintiffs limitations. Therefore, the ALJ's conclusion, that Plaintiff is not disabled, is affirmed.

## CONCLUSION

The Court grants the Commissioner's motion for judgment on the pleadings, Apr. 3, 2012, ECF No. 9. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED.

Dated: July 10, 2012
       Rochester, New York

    ENTER:                /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge